**ELECTRONICALLY FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:15-CV-226-DJH

VICKIE ROBINSON, ADMINISTRATRIX of the
ESTATE of PATRICK LEO KNOTT, DECEASED,                                         PLAINTIFF


v.                                    **NOTICE OF REMOVAL**


BRANDENBURG HEALTH FACILITIES, L.P., d/b/a
BRANDENBURG NURSING AND REHABILITATION CENTER,                DEFENDANT

* * * * * * * * * * * * * * * *

Defendant, Brandenburg Health Facilities, L.P. d/b/a Brandenburg Nursing and Rehabilitation Center, for its Notice of Removal from the Breckinridge Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division, states as follows:

1.   On February 27, 2015, Vicki Robinson, Administratrix of the Estate of Patrick Leo Knott, Deceased ("Plaintiff"), filed a Complaint in the Breckinridge Circuit Court styled, *Vicki Robinson, Administratrix of the Estate of Patrick Leo Knott, Deceased v. Brandenburg Health Facilities, L.P. d/b/a Brandenburg Nursing and Rehabilitation Center,* Commonwealth of Kentucky, Breckinridge Circuit Court, Case No. 15-CI-00033.

2.   The Complaint alleges Defendant was negligent in the care and treatment of Patrick Leo Knott. Plaintiff seeks to recover compensatory damages, as well as punitive damages against Defendant.

3.   Brandenburg Health Facilities, L.P. d/b/a Brandenburg Nursing and Rehabilitation Center was served with the Summons and the Complaint on March 3, 2015.

4. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction.

5. The Complaint alleges Plaintiff is a resident and citizen of Breckinridge County, Kentucky and further alleges that Defendant, Brandenburg Health Facilities, L.P. d/b/a Brandenburg Nursing and Rehabilitation Center is a foreign limited partnership, with its principle office located at 5420 W. Plano Parkway, Plano, Texas 75093.

6. Thus, the parties are citizens and residents of different states and the requirement of complete diversity is satisfied. *See* 28 U.S.C. §1332(a).

7. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Breckinridge County, Kentucky is located within the jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division. Therefore, venue is proper in this Court and division pursuant to 28 U.S.C. §1441(a).

8. Based upon the allegations raised in the Complaint attached hereto, including Plaintiff's demand for punitive damages, this matter in controversy exceeds $75,000.00 in damages, exclusive of interest and costs. See Plaintiff's Complaint at ¶¶27, 36, and 40.

9. Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this action because it is facially apparent from Plaintiff's Complaint that Plaintiff is seeking damages in excess of the jurisdictional amount in controversy. 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district embracing the place

where such action is pending." Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. §1332(a). When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997). Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a). Plaintiff seeks punitive and compensatory damages as well as attorney fees. Thus, it is facially apparent that Plaintiff is seeking damages in excess of the jurisdictional amount. See Plaintiff's Complaint at ¶¶27, 36, and 40.

10. This Notice of Removal has been filed within thirty (30) days of the date when the action became removable as required by 28 U.S.C. §1446(b). This Notice of Removal is further consistent with 28 U.S.C. §1446(b) in that it has been filed within one year after the commencement date of this action.

11. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon this Defendant in the State Court Action are attached to this Notice as Exhibit "A."

12. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Breckinridge County, Kentucky.

13. Because 28 U.S.C. §1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendant, Brandenburg Health Facilities, L.P. d/b/a Brandenburg Nursing and Rehabilitation Center, at all times relevant hereto gives Notice of the removal of this

action from the Circuit Court of Breckinridge County, Kentucky, to the United States District Court for the Western District of Kentucky in the Louisville Division.

                QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

                */s/ J. Peter Cassidy, III*
                J. Peter Cassidy, III, Esq.
                2452 Sir Barton Way, Ste. 300
                Lexington, KY 40509
                859-226-0057
                859-226-0059 – facsimile

                - and -

                Donald L. Miller, II, Esq.
                9300 Shelbyville Rd., Ste. 400
                Louisville, KY 40222
                502-423-6390
                502-423-6391 – facsimile
                **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 23, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 23rd day of March, 2015, upon:

Jeremy J. Nelson, Esq.
The Sampson Law Firm
450 S. Third St., 4th Fl.
Louisville, KY 40202

Ms. Cindy Rhodes
Breckinridge County Justice Center
111 W. 2nd St.
P.O. Box 111
Hardinsburg, KY 40143

                */s/ J. Peter Cassidy, III*
                ATTORNEY FOR DEFENDANT