

UNITED STA... POSTAGE 》 PITNEY BOWES

$ 007.610

02 1P   $ 
0000810849   FEB 27 2015
MAILED FROM ZIP CODE 40143



CIRCUIT COURT CLERK CINDY M. RHODES
BRECKINRIDGE CIRCUIT & DISTRICT COURTS
BRECKINRIDGE COUNTY JUSTICE CENTER
111 WEST 2ND STREET, P.O. BOX 111
HARDINSBURG, KENTUCKY 40143-0111

15-CI-00033
National Registered Agents, INc.
306 West Main Street
Suite 512
Frankfort, KY   40601

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS FOLD AT DOTTED LINE

7196 9008 9115 5675 8942

RETURN RECEIPT REQUESTED

| AOC-105          Doc. Code: CI | | Case No. | 15-CI- 00033 |
| Rev. 1-07 | | | |
| Page 1 of 1 | | Court | ✓ Circuit ☐ District |
| Commonwealth of Kentucky | | | |
| Court of Justice   www.courts.ky.gov | | County | Breckinridge |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | | |

**PLAINTIFF**

VICKIE ROBINSON, ADMINISTRATRIX OF THE ESTATE OF
PATRICK LEO KNOTT, DECEASED


**VS.**

**DEFENDANT**

BRANDENBURG HEALTH FACILITIES, L.P. d/b/a BRANDENBURG NURSING AND REHAB

814 OLD EKRON ROAD


BRANDENBURG                        Kentucky                 40108


**Service of Process Agent for Defendant:**
NATIONAL REGISTERED AGENTS, INC.

306 WEST MAIN STREET

SUITE 512

| FRANKFORT | Kentucky | 40601 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you** or by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____ 2-27 _____, 2 015            **CINDY M. RHODES** _____ Clerk

                                      By: _____ _____ D.C.


| **Proof of Service** |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| |
| this _____ day of _____, 2_____. |
| Served by: _____ |
| _____Title |

NO. *15-CI-00033*

BRECKINRIDGE CIRCUIT COURT
DIVISION *I*
JUDGE *Butler*

VICKIE ROBINSON, ADMINISTRATRIX OF                          **PLAINTIFF**
THE ESTATE OF PATRICK LEO KNOTT,
DECEASED

v.

BRANDENBURG HEALTH FACILITIES, L.P. d/b/a                   **DEFENDANT**
BRANDENBURG NURSING AND
REHABILITATION CENTER
     Serve:   National Registered Agents, Inc.
              306 W Main Street, Suite 512
              Frankfort, KY 40601

## COMPLAINT

\* \* \* \* \* \* \* \* \*

       Comes the Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott,

Deceased, by and through counsel, and hereby brings this cause of action against the Defendant,

Brandenburg Health Facilities, L.P., d/b/a Brandenburg Nursing and Rehabilitation Center.

Plaintiff, by and through counsel, states as follows:

## PARTIES

     1.    At all times material hereto, Decedent, Patrick Leo Knott, was a resident of the

nursing facility known as Brandenburg Nursing and Rehabilitation Center, located at 814 Old

Ekron Road, Brandenburg, Kentucky 40108 (the "Facility") on or about May 16, 2012 (the

"Admission").

     2.    Decedent, Patrick Leo Knott, died on or about September 4, 2013.

     3.    Administratrix, Vickie Robinson was duly appointed as the Administratrix of the

Estate of Patrick Leo Knott by Order of the Breckinridge County District Court, Probate Division

dated September 23, 2014; Vickie Robinson brings this action on behalf of the Estate and her

1

FILED
CIRCUIT/DISTRICT COURT
FEB 27 2015
CINDY M. RHODES, CLERK
BY:_____ D.C.

capacity as the Administratrix of the Estate. (A copy of the Order appointing Vickie Robinson as the Administratrix of the Estate is attached as Exhibit A).

4.     The Defendant, Brandenburg Health Facilities, L.P., d/b/a Brandenburg Nursing and Rehabilitation Center, is a foreign limited partnership organized under the laws of the State of Texas; Defendant is in good standing and authorized to do business in the Commonwealth of Kentucky, having a principal office located at 5420 W. Plano Parkway, Plano, Texas 75093 ("Brandenburg"). The registered agent for service of process is National Registered Agents, Inc., 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

5.     Upon information and belief, at all times material to this action, Defendant, Brandenburg, owned, operated, managed, controlled, and/or provided services for the Facility; Brandenburg was, at all times material to this action, the "licensee" of the Facility pursuant to the laws of the Commonwealth of Kentucky and regulations promulgated under those laws and enforced by the Kentucky Cabinet for Health and Family Services (the "Cabinet"), as licensee of the Facility, Defendant, Brandenburg, was legally responsible for all of the Facility's operations, including but not limited to, ensuring compliance of Defendant, Brandenburg, the Facility, and all staff, agents, and employees of Defendant, Brandenburg, with all laws and regulations related to Defendant, Brandenburg's, operation of the Facility.

6.     The causes of action made the basis of this suit arise out of any and all of the business conducted by Defendant, Brandenburg, in its ownership, operation, management, control, licensing of, or services provided by or for the Facility during Decedent's residence at the Facility.

7.     Defendant, Brandenburg, controlled all day-to-day operations of the Facility, including but not limited to, planning, management, budget and quality control of the Facility. The authority exercised by Defendant, Brandenburg, and its management and Principles directly or

2

indirectly through Defendant, Brandenburg's, staff, agents, and employees over the Facility included, and continues to include control of marketing; management of human resources, personnel, training, and staffing; creation and implementation of all policies and procedures required to be used by the Facility, specifically, and nursing facilities in the Commonwealth of Kentucky, in general; coordination of any applicable federal and state reimbursement, quality care assessment and compliance; licensure and certification; procurement of legal services; and financial, tax and accounting control through fiscal policies established by Defendant, Brandenburg, its management, and/or Principles.

## JURISDICTION AND VENUE

8.     Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, restates and reasserts the statements and allegations contained in Paragraphs 1-7, as if fully set forth herein.

9.     Plaintiff, Vickie Robinson, Administratrix of the Estate of, resides in Breckinridge County, Kentucky.

10.     Defendant operates its business in Breckinridge County, Kentucky.

11.     The amount in controversy is in excess of the jurisdictional minimum for matters in the Breckinridge County Circuit Court.

12.     Jurisdiction and venue are proper in this Breckinridge County Circuit Court.

## FACTUAL ALLEGATIONS

13.     Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, restates and reasserts the statements and allegations contained in Paragraphs 1-12, as if fully set forth herein.

14.     As stated above, Decedent, Patrick Leo Knott, was admitted to the Defendant's

3

Facility on or about May 16, 2012, and remained such until his death on September 4, 2013.

15.     Decedent, Patrick Leo Knott, was looking to Defendant, Brandenburg, for treatment of his total needs, including but not limited to, custodial care, nursing care, all other medical care, and assistance with activities of daily living, not merely as a site where others, not associated with Defendant or the Facility, would treat him.

16.     At all relevant times mentioned herein, Defendant, Brandenburg, maintained ownership, operation, managed and/or controlled the Facility directly and indirectly, through other business enterprises or a business enterprise, partnership, or the agency of another, other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

17.     Defendant, Brandenburg, is directly or vicariously liable for any and all acts and omissions made by any person or entity, controlled directly or indirectly, including but not limited to any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether operating within or outside the Facility and whether an individual, entity, or agency.

18.     Defendant, Brandenburg, failed to discharge its obligation of care to Decedent, Patrick Leo Knott, with a conscious disregard for his rights and safety.  At all times mentioned herein, upon information and belief, Defendant, Brandenburg, through its Principals, corporate officers, administrators, or agents, had knowledge of and ratified, otherwise authorized, all of the acts and omissions which caused the injuries suffered by Decedent, Patrick Leo Knott, as more fully set forth below; and knew the Facility could not provide the minimum standard of care necessary for adequate treatment of the weak and vulnerable residents of the Facility, including Decedent, Patrick Leo Knott.

19.    Due to the wrongful conduct of Defendant, Brandenburg, Decedent, Patrick Leo Knott, suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

a)  Multiple falls resulting in injuries, including but not limited to, traumatic brain injury, skin injuries, fractures, and bleeding;

b)  Malnourishment; and

c)  Dehydration.

## NEGLIGENCE

20.    Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, re-alleges and incorporates the information and allegations contained in Paragraphs 1 – 19, as if fully set forth herein.

21.    Defendant, Brandenburg, owed a non-delegable duty to Decedent, Patrick Leo Knott, to provide him the custodial care, services and supervision that a reasonably prudent nursing home would provide under similar circumstances.

22.    Upon information and belief, Defendant, Brandenburg, knowingly developed and maintained staffing levels at the Facility below those necessary to adequately care for and treat its Residents, including Decedent, Patrick Leo Knott, with a willful and negligent disregard of patient acuity levels as well as the minimal time necessary to perform the essential functions of providing care to Decedent, Patrick Leo Knott.

23.    Defendant, Brandenburg, negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a)    Failure by the members of the governing body and Principles of Defendant, Brandenburg, and of the staff of the Facility to discharge their legal and lawful obligations by:

5

1)        Ensuring that the rules and regulations designed to protect the health and safety of the residents, including Decedent, Patrick Leo Knott, as promulgated by the Commonwealth of Kentucky's Cabinet for Health and Family Services, Division of Long Term Care;

2)        Ensuring compliance with any or all resident care policies for the Facility; and

3)        Ensuring appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b)        Failure to provide a facility that was sufficiently staffed with personnel who were properly qualified and trained;

c)        Failure to provide the minimum number of qualified personnel to meet the total needs of Decedent, Patrick Leo Knott;

d)        Failure to maintain all records on Decedent, Patrick Leo Knott, in accordance with accepted professional standards and practices;

e)        Failure to ensure that Decedent, Patrick Leo Knott, received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f)        Failure to maintain and, when necessary, increase the number of personnel, medical or otherwise, at the Facility to ensure that Decedent, Patrick Leo Knott, received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to his skin, feet, nails, and oral hygiene;

g)        Failure to have in place adequate guidelines, policies and procedures of the Facility and to administer those policies through enforcement of particular rules, regulations, by-laws or guidelines;

h)        Failure to take any or all necessary and reasonable custodial measures to prevent the onset and progression of pressure ulcers or other skin breakdown to Decedent, Patrick Leo Knott, during his residency;

i)        Failure to monitor or increase the number of nursing personnel at the Facility to ensure that Decedent, Patrick Leo Knott:

1)        Received timely and accurate care assessments;

2)        Received prescribed treatment, medication and diet; and

3)        Received timely custodial, nursing and medical intervention due to a significant change in condition.

6

j)    Failure to take timely and/or reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the Facility;

k)    Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Decedent, Patrick Leo Knott, in proportion to his particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l)    Failure to provide adequate hygiene and sanitary care to prevent infection; and

m)    Failure to provide proper custodial care.

24.    A reasonably prudent nursing facility would not have failed to provide the care listed above, it was foreseeable that these breaches of ordinary care would result in serious injuries to Decedent, Patrick Leo Knott.  With regard to each of the foregoing acts and omissions, which amount to negligence, Defendant acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Decedent, Patrick Leo Knott.

25.    Pursuant to KRS 446.070, Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, also alleges Defendant, violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*.  Decedent, Patrick Leo Knott, was injured by the statutory violations of Defendant, Brandenburg, and was within the class of persons for whose benefit the statutes were enacted and who were intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to, violation(s) of the following:

a)    Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Decedent, Patrick Leo Knott;

7

b)  Violation(s) of KRS 508.090 *et seq.,* criminal abuse, by committing intentional, wanton or reckless abuse of Decedent, Patrick Leo Knott, who was physically helpless or mentally helpless or permitting Decedent, Patrick Leo Knott, a person of whom Defendant had actual custody, to be abused; such abuse caused serious physical injury, placed Decedent, Patrick Leo Knott in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Decedent, Patrick Leo Knott.

c)  Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Decedent, Patrick Leo Knott, who was unable to care for himself because of his illness;

d)  Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

e)  Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and 216B and the regulations promulgated thereunder, as well as any and all other applicable state and federal laws and regulations governing the licensing and operation of long-term care facilities.

26.  As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Decedent, Patrick Leo Knott, suffered the injuries described herein.

27.  Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

8

## CORPORATE NEGLIGENCE

28.     Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, re-alleges and incorporates the allegations contained in Paragraphs 1 – 27, as if fully set forth herein.

29.     Decedent, Patrick Leo Knott, was looking to Defendant and its agents and employees at the Facility for treatment of his total needs, including his physical ailments, and not merely as the situs where others not associated with the Facility would treat him for his problems; there is a presumption that the treatment Decedent, Patrick Leo Knott, received was being rendered through employees of Defendant, Brandenburg, and that any negligence associated with that treatment would render Defendant, Brandenburg, responsible. Defendant or persons or entities under its control, or to the extent Defendant was vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Decedent, Patrick Leo Knott, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

30.     Defendant, Brandenburg, owed a non-delegable duty to assist Decedent, Patrick Leo Knott, in providing services necessary to cause Decedent, Patrick Leo Knott, to achieve and maintain his highest level of physical, mental and psychological well-being possible.

31.     Defendant, Brandenburg, owed a duty to Decedent, Patrick Leo Knott, to maintain the Facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

32.     Defendant, Brandenburg, owed a duty to Decedent, Patrick Leo Knott, to have in place policies, procedures, and protocols that properly care for residents and to administer these policies, procedures, and protocols through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendant to insure smoothly run facilities and adequate

9

resident care.

33.     Defendant owed a duty to Decedent, Patrick Leo Knott, to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence; the duty of reasonable care and attention extended to safeguarding Decedent, Patrick Leo Knott, from danger due to his inability to care for himself; Defendant had a duty to protect Decedent, Patrick Leo Knott, from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which his mental condition or aberration would suggest as likely to happen.

34.     A reasonably prudent nursing facility would not have failed to provide the care listed above, it was foreseeable that these breaches of ordinary care would result in serious injuries to Decedent, Patrick Leo Knott.  With regard to each of the foregoing acts and omissions which amount to negligence, Defendant, Brandenburg, acted with oppression, fraud, malice, or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Decedent, Patrick Leo Knott.

35.     As a direct and proximate result of such act or acts of negligence, oppression, fraud, malice, or gross negligence, Decedent, Patrick Leo Knott, suffered the injuries described herein.

36.     Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, asserts a claim for judgment for all compensatory and punitive damages against Defendant, Brandenburg, including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs

and all other relief to which Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

37.     Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, re-alleges and incorporates the allegations contained in Paragraphs 1 – 36, as if fully set forth herein.

38.     Defendant, Brandenburg, violated statutory duties owed to Decedent, Patrick Leo Knott, as a Resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq*.  These statutory duties were non-delegable.

39.     The violations of the resident's rights of Decedent, Patrick Leo Knott, include:

   a)     Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality;

   b)     Violation of the right to have a responsible party or family member or his guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c)     Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet his needs;

   d)     Violation of the right to be free from abuse and neglect; and

   e)     Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as any and all other applicable state and federal laws and regulations governing the licensing and operation of long-term care facilities.

40.     As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, pursuant to KRS § 216.515(26), Decedent, Patrick Leo Knott, is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

11

With regard to the aforementioned violations of the Resident's Rights Act, Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Decedent, Patrick Leo Knott, and, pursuant to KRS § 216.515(26), Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, is entitled to punitive damages from Defendant in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## DAMAGES

41.     Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, re-alleges and incorporates the allegations contained in Paragraphs 1 – 41, as if fully set forth herein.

42.     As a direct and proximate result of the negligence of the Defendant, Brandenburg, as set out above, Decedent, Patrick Leo Knott, suffered injuries including, but not limited to, those listed herein.   As a result, Decedent, Patrick Leo Knott, suffered embarrassment, physical impairment, and great pain and suffering, both physical and mental.

Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, seeks punitive and compensatory damages against the Defendant, Brandenburg, in an amount to be determined by the jury, plus costs and all other relief to which Decedent, Patrick Leo Knott, is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, Vickie Robinson, Administratrix of the Estate of Patrick Leo Knott, prays for judgment against Defendant, Brandenburg, in the type set forth herein and an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff may appear entitled, including TRIAL BY JURY.

Respectfully submitted,

Jeremy J. Nelson
THE SAMPSON LAW FIRM
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone:  (502) 584-5050
Fax:  (502) 584-5055
jeremy@slftrial.com
*Counsel for Plaintiff*

13

AOC-805
Rev. 10-05
Page 3 of 3

Case No. 13-P-00191

IN RE:  Estate of _PATRICK LEO KNOTT_

ORDER

[✓]   Petition filed this _23_ day of _Sept_, 2_014_

[ ]   Will tendered this _____ day of _____, 2____.

~~Upon hearing, the Will offered was proven by~~ _____

~~and ORDERED PROBATED as the Last Will and Testament of Decedent this~~ ____ day of _____, 2___

The Court appoints: _Vickie Robinson_
                                                                                                as

[ ] Executor/Executrix OR [✓] Administrator/Administratrix of said estate and fixes bond in the sum of

$ _10,000_ _____ [ ] with surety OR [✓] without surety.

Date: _9-23_, 2_014_                    _____
                                                        Judge's Signature

Distribution:
        Case File
        Revenue Cabinet

ENTERED
CIRCUIT/DISTRICT COURT
SEP 2 3 2014
CINDY M. RHODES, CLERK
BY: _____ D.C.

I, CINDY M. RHODES, BRECKINRIDGE CO.
CIRCUIT/DIST. CLERK DO CERTIFY THAT
THIS IS A TRUE AND CORRECT COPY.
CINDY M. RHODES, CLERK

BY: _Anita H. Frett_

DATE: _9/23/14_

EXHIBIT
A